UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL WECKEL, and all other Plaintiffs similarly situated known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>ARJO, INC., and DON SMITH, individually,<br><br>Defendant. | FILED: MARCH 19, 2008<br>08CV1601      PH<br>JUDGE MORAN<br>MAGISTRATE JUDGE VALDEZ |

## COMPLAINT AT LAW

Plaintiff, Paul Weckel ("Weckel"), on behalf of himself and all other Plaintiffs similarly situated known and unknown, by and through his attorneys, Caffarelli & Siegel Ltd., for his Complaint at Law, complains against Defendants Arjo, Inc. ("Arjo"), and Don Smith ("Smith") as follows:

### NATURE OF ACTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), for Defendants' failure to pay overtime to Plaintiff and other similarly situated employees, and pursuant to the Illinois state law claim of retaliatory discharge.

### JURISDICTION AND VENUE

2. This court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This court also has diversity jurisdiction pursuant to 29 U.S.C. § 1332. This court also has supplemental jurisdiction over the Illinois state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as a substantial portion of the facts and events giving rise to Plaintiff's claims occurred in this judicial district, and Defendants are residents of this district.

## PARTIES

4. Plaintiff resides in and is domiciled in the State of Ohio.

5. Plaintiff, and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either present or past employees of Defendant.

6. Defendant Arjo is an Illinois corporation. Its office is located in this judicial district.

7. Defendant Smith is the Vice-President of Service for Defendant Arjo. He has the authority to hire and fire employees, direct and supervise the work of employees, to sign on the company's checking accounts, including payroll accounts, and to make or participate in decisions regarding employee compensation and capital expenditures.

## FACTUAL ALLEGATIONS

8. Plaintiff Weckel was employed by Defendants as a ceiling lift installer in or about November of 2005 and continuing through on or about November 26, 2007.

9. At the time of his termination, Weckel was paid an annual salary of $49,680.

10. Defendants employed, and still employ, other employees who performed the same job duties and responsibilities as Weckel.

11. Weckel, and all other members of the Plaintiff Class, regularly work(ed) in excess of forty (40) hours per week throughout their employment with Defendants.

12. Weckel and all other members of the Plaintiff Class, known and unknown, routinely were directed by Defendants to work in excess of forty (40) hours per week while in Defendants' employ, and were not paid overtime.

13. Weckel, and all other members of the Plaintiff Class, are entitled under the FLSA to one and one half times their regular hourly rate for all hours worked in excess of forty (40) per work week (commonly known as "overtime").

14. During the course of their employment, Weckel and all other members of the Plaintiff Class, were not paid at the overtime rate for hours worked in excess of forty (40) per week.

15. Defendants were aware of their obligations to pay employees overtime pay and intentionally chose not to pay Weckel and all other members of the Plaintiff Class accordingly.

## COUNT I – FAIR LABOR STANDARDS ACT AGAINST DEFENDANTS ARJO, INC., AND DON SMITH

16. Plaintiffs incorporate and re-allege paragraphs 1 through 15 as if fully set forth herein.

17. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by the Plaintiff Class, or by anyone for and on behalf of him/herself and other Plaintiffs similarly situated, who has been damaged by Defendants' failure to comply with 29 U.S.C. § 201 *et seq.* and 29 U.S.C. §251 *et seq.* Plaintiff Weckel attaches as Group Exhibit A his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

18. All past and present employees of Defendants employed as ceiling lift installers are similarly situated to the named Plaintiff in that Defendants have applied the compensation policies, which violate the FLSA, on a company-wide basis. All past and present ceiling lift installers, including Weckel are or were engaged in job duties and responsibilities integral and

3

indispensable to the operation of Defendants' business, and all have been and/or are presently being denied proper compensation as required by the FLSA.

19. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

20. In order to bring this cause of action, it has been necessary for the named Plaintiff, and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure any judgment due them with regard to back compensation.

21. At all relevant times, Plaintiff Weckel and all other members of the Plaintiff Class, known and unknown, were "employees" subject to the FLSA, who were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. § 207, and Defendants were "employers" subject to the FLSA.

22. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff Weckel and all other members of the Plaintiff Class, known and unknown, worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay.

23. Defendants' failure to pay compensation at the rate of one and one-half the regular rate of pay for all hours worked over forty (40) in a work week is a willful violation of the FLSA, since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

WHEREFORE, Paul Weckel on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

    A.    A judgment in the amount of back pay equal to the amount of all unpaid overtime compensation due for willful violations of the FLSA;

    B.    Prejudgment interest with respect to the amount of unpaid overtime compensation;

    C.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 260;

    D.    Reasonable attorneys' fees and costs incurred in filing this action; and

    E.    Such other and further relief as the Court deems appropriate and just.

### COUNT II – RETALIATORY DISCHARGE AGAINST DEFENDANT ARJO, INC.

24.    Plaintiff incorporates and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25.    On or about March 2006, Weckel was involved in an automobile accident while working on a project for Defendant Arjo in Decatur, Georgia. Weckel injured his left foot in the accident.

26.    Weckel visited a doctor that he was referred to by Liberty Mutual, Arjo's employee benefits provider. He was diagnosed with a contusion to his left foot and prescribed anti-inflammatory medication.

27.    The pain in Weckel's left foot did not disappear, but rather grew worse. As a result, Weckel visited a second doctor, Dr. Wanat, on or about April 26, 2007.

28.    Weckel was told that the pain in his left foot was caused by a fracture that never properly healed. Dr. Wanat told Weckel that he could continue working only with certain medical restrictions.

29. Weckel contacted Sue Fellows ("Fellows"), Arjo's Human Resources Manager, to discuss the medical restrictions imposed by the doctor. Fellows informed Weckel that Arjo did not have a position available which would accommodate his medical restrictions. As a result, Arjo placed Weckel on medical leave.

30. On or about May 2007, Weckel began receiving worker's compensation benefits through Liberty Mutual.

31. On or about July 2007, Dr. Wanat recommended that Weckel receive a cortisone shot for the pain in his left foot. However, Liberty Mutual refused to approve the shot.

32. In November 2007, at least three months after Dr. Wanat first recommended it, Liberty Mutual approved the cortisone shot for Weckel.

33. On or about November 26, 2007, Weckel was terminated by Arjo.

34. Fellows told Weckel that Smith decided to terminate him because "he was on worker's compensation for too long." Fellows also told Weckel that when she explained to Smith that terminating Weckel for being on worker's compensation exposed the Company to a potential lawsuit, Smith's response was "I do not care."

35. Weckel was terminated in retaliation for exercising his rights under the Illinois Workers' Compensation Act.

36. Arjo's stated reason for terminating Weckel is pretextual.

37. Arjo's termination of Weckel for the reasons stated above was willful, outrageous, and intentionally calculated to cause Weckel emotional distress.

38. As a result of Arjo's actions, Weckel has suffered and continue to suffer loss of employment, loss of income, embarrassment, humiliation, and emotional distress.

WHEREFORE, Plaintiff Weckel respectfully requests this Court to enter an order as follows:

    A. Awarding Weckel compensatory damages in an amount to be determined at trial;

    B. Awarding Weckel punitive damages in an amount to be determined at trial; and

    C. Awarding Weckel such other and further relief as this Court deems reasonable and just under the circumstances.

Dated: March 19, 2008                      Respectfully submitted,

Marc J. Siegel, #06238100            PAUL WECKEL
Bradley Manewith, #06280535
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150           By: _____
Chicago, IL 60601                       Attorney for Plaintiff
Tel. (312) 540-1230
Fax (312) 540-1231
Email info@caffarelli.com
Web www.caffarelli.com

FILED: MARCH 19, 2008
08CV1601                PH
JUDGE MORAN
MAGISTRATE JUDGE VALDEZ

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by ARJO INC. within the prior three (3) years, that I have worked for the company in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. 206 and 207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: PAUL WECKEL (print your name)

My address is: 1065 ONTARIO TRAIL (street address)

JAMESTOWN, OH 45335 (city, state, zip code)

My telephone phone number is: 937-675-2353 (home)

_____ (cellular)

Signature: [signed]

Date on which I signed this Notice: 3-18-2008 (today's date)

