**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PAUL WECKEL, and all other Plaintiffs similarly situated known and unknown, | |
| Plaintiff, | No. 08 CV 1601 |
| v. | Judge Moran<br>Magistrate Judge Valdez |
| ARJO, INC., and DON SMITH, individually, | |
| Defendants. | |

**MOTION FOR ORDER TO SEND NOTICE TO
SIMILARLY SITUATED PERSONS PURSUANT TO 29 U.S.C. § 216(b)**

NOW COMES Plaintiff Paul Weckel ("Plaintiff"), and moves for an order authorizing notice to similarly situated persons pursuant to the "opt-in" mechanism for collective actions in the federal Fair Labor Standards Act, 29 U.S.C. § 216(b). In support of his motion, Plaintiff states:

1. On behalf of himself and all other past and present employees of Defendants Arjo, Inc. and Don Smith ("Defendants") employed as ceiling lift installers, Plaintiff has filed a claim for unpaid overtime wages pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

2. Plaintiff is "similarly situated" to numerous other past and present employees of Defendants who have been employed as ceiling lift installers. Like the Plaintiff, these employees were not paid at the rate of one and a half times their regular rate of pay for all hours worked in excess of forty (40) per workweek. Defendants continue to refuse to compensate the employees for such unpaid wages.

3. In order to demonstrate that Plaintiff and other past and present employees of Defendants are similarly situated such that a Notice to prospective class members may be sent, Plaintiff needs only make a "modest factual showing sufficient to demonstrate that he and other putative plaintiffs together were potentially victims of a common policy or plan that violated FLSA." Gambo v. Lucent Technologies, No. 05 C 3701, 2005 WL 3542485 at *4 (N.D. Ill. Dec. 22, 2005). Based upon the Plaintiff's collective period of employment and his personal knowledge of Defendants' payroll practices, Plaintiff contends that other ceiling lift installers were subject to the same illegal practices.

4. Attached as Exhibit A is the affidavit of the named Plaintiff in which he states that he was employed by Defendants as a ceiling lift installer, regularly worked more than 40 hours per workweek, and was not paid overtime for those hours. He states that the compensation policies he experienced were Company-wide policies which Defendants applied to all other ceiling lift installers.

5. Section 16(b) of the FLSA, which authorizes an employee to bring an action on behalf of him or herself and other employees similarly situated, carries with it a right in the representative plaintiff to notify the people to whom he would like to represent that he has brought a suit. Woods v. New York Life Ins. Co., 686 F.2d 578, 580 (7th Cir. 1982). Further, unlike an Illinois state law class action pursuant to 735 Ill. Comp. Stat. 5/2-801, persons who may "opt-in" to a collective action under the FLSA do not get the benefit of the complaint filing date. 29 U.S.C. § 256. That is, the opt-in plaintiffs are not considered to have commenced their individual actions until their written consents have been filed with the court. Id. In practice, this requirement means that the tolling of the two or three year limitations period does not occur for

these individuals until their written notice is filed. It is therefore crucial that notice of this lawsuit be sent out immediately to all potential opt-in plaintiffs.

      6.      Attached as Exhibit B are Plaintiff's proposed "Notice" and "Consent" forms. Similar forms have been in the United States District Court for the Northern District of Illinois cases of <u>Martinez v. The Dry Cleaning Factory, Inc.</u>, No. 06 C 1410 (N.D. Ill. 2006) and <u>Gatko v. JMK Electric Co.</u>, No. 07 C 3528 (N.D. Ill. 2007).

      7.      Plaintiff further seeks the production by Defendants, within seven (7) days, of the names and last known home addresses of all past and present ceiling lift installers employed at any time within the last three (3) years. With the production of this information and the approval of the Notice and Consent forms, Plaintiff seeks an order from this Court authorizing notice to each individual identified. Plaintiff also requests that potential party-plaintiffs be given ninety (90) days to return their Consent forms and opt into this litigation.

      8.      Finally, Plaintiff requests that this Court direct Defendants to refrain from any and all forms of communication to prospective class members concerning the merits and issues of their Fair Labor Standards Act claims, and preclude Defendants from securing any releases or waivers (which are, as a matter of law, unenforceable) from employees of their FLSA claims in exchange for cash payments or other consideration.

      WHEREFORE, Plaintiff respectfully requests this honorable Court to issue an order authorizing "opt-in" notice to all similarly situated persons pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 216(b) and to order Defendants to provide Plaintiff with the names and last known home addresses of all ceiling lift installers who were employed by Defendants at any time during the last three (3) years. Plaintiffs further seek an order directing Defendants to refrain from communicating with potential opt-in class members concerning their FLSA claims.

Dated: April 7, 2008                                Respectfully submitted,

Marc J. Siegel, #06238100                           PAUL WECKEL, individually and on
Bradley Manewith, #06280535                         behalf of a class of employees similarly
Caffarelli & Siegel Ltd.                            situated,
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230                                 By: /s/ Marc J. Siegel
Fax (312) 540-1231                                       Attorney for Plaintiff

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL WECKEL, and all other Plaintiffs similarly situated known and unknown, | |
| Plaintiff, | No. 08 CV 1601 |
| v. | Judge Moran<br>Magistrate Judge Valdez |
| ARJO, INC., and DON SMITH, individually, | |
| Defendants. | |

### AFFIDAVIT OF PAUL WECKEL

I, Paul Weckel, on oath, depose and state that I have knowledge of the matters contained in this affidavit and that I could competently testify thereto if called upon to do so in open court.

1. My name is Paul Weckel and I am over twenty-one (21) years of age. This affidavit is limited to the matters contained herein.

2. I am a former employee of Arjo, Inc. I began working for Arjo in or about November 2005, and worked as a ceiling lift installer until I was terminated on or about November 26, 2007. At the time I was terminated, I was paid an annual salary of $49,680.

3. Throughout my employment, I regularly worked more than forty (40) hours per week.

4. Throughout my employment, Arjo never paid me one and one half times my regular hourly rate of pay ("overtime") for all hours I worked in excess of forty (40) per workweek.

5. Rather, Arjo paid me a set salary regardless of the number of hours I worked per week.

6. I am entitled to overtime under the Fair Labor Standards Act.

EXHIBIT A

7.  I observed that Defendants' other ceiling lift installers were also paid a set salary, and were not paid overtime for all hours they worked in excess of forty (40) per workweek.

8.  I further observed that Defendants' practice of failing to pay their ceiling lift installers any overtime compensation was applied uniformly.

FURTHER AFFIANT SAYETH NOT

_____
Paul Weckel

Subscribed to and Sworn Before Me This
4th day of April, 2008

_____
Notary Public

LISA L. SHAW
Notary Public, State of Ohio
My Commission Expires 7/5/2010
Recorded in Clinton County

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL WECKEL, and all other Plaintiffs similarly situated known and unknown,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ARJO, INC., and DON SMITH, individually,<br><br>　　　　　　Defendants. | No. 08 CV 1601<br><br>Judge Moran<br>Magistrate Judge Valdez |

## IMPORTANT NOTICE OF YOUR RIGHT TO JOIN AS A PLAINTIFF IN A LAWSUIT SEEKING TO RECOVER OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

**TO:** Present and Former Employees of **Arjo, Inc., and Don Smith** Who Have Worked As Ceiling Lift Installers At Any Time Within The Past Three Years, but Did Not Receive Overtime Pay.

> **Federal and State law prohibit the Company from terminating your employment or taking any other adverse employment action against you because you have exercised your legal right to participate in this case or because you have otherwise exercised your rights to your earned overtime pay.**

EXHIBIT B

1. **What is this Notice about?**

The purpose of this Notice is to inform you of the existence of a "collective action" lawsuit, in which you may join as a plaintiff if you worked for Arjo, Inc., ("Arjo" or "Company") or Don Smith ("Smith"), as a ceiling lift installer at any time within the past three years. This Notice also advises you of how your rights may be affected by this suit, and instructs you on the procedure for joining in this lawsuit should you choose to do so.

2. **What is the lawsuit about?**

Plaintiff Paul Weckel ("Plaintiff"), was formerly employed by Arjo as a ceiling lift installer. He has brought this lawsuit against Defendants Arjo, and Smith, individually, on behalf of himself and other past and present employees of the Company employed as ceiling lift installers who have not been paid overtime wages for hours worked in excess of forty (40) hours a week.

The Fair Labor Standards Act ("FLSA") requires employers to pay certain employees "overtime pay" (or one and one-half times their regular rate of pay) for all time worked over forty (40) hours in any one work week. Plaintiff claims that Defendants willfully failed to pay him overtime.

Plaintiff claims that he and all other persons who worked for the Defendants as ceiling lift installers were denied overtime pay and are entitled to recover unpaid overtime pay from at least March 19, 2005. Plaintiff also seeks an additional equal amount as liquidated damages and/or prejudgment interest, attorneys' fees, and costs.

Defendants deny that Plaintiff is entitled to any compensation in this lawsuit. This lawsuit is currently in the early pretrial stage, and no trial date has yet been set. The Court overseeing the lawsuit has not made any determination as to whether any Plaintiff is entitled to any compensation. The Court will ultimately decide the merits of the case, and how much (if any) overtime and/or other compensation will be awarded to the class members. Nothing in this Notice should be viewed as an admission of wrongdoing by the Defendants.

3. **Why did I get this Notice?**

You received this Notice because the lawyers for Plaintiff and Defendants identified you as a person who worked as a ceiling lift installer for Arjo at some point within the past three years.

4. **Who may join this lawsuit?**

If you are a current or former employee of Arjo, Inc., employed as a ceiling lift installer, and you believe that at some time within the past three years, you were denied overtime pay despite working more than 40 hours in a week, you have a right to join this lawsuit.

5.  **How do I join this case?**

If you believe that you were denied overtime pay, you may join this suit (that is, you may "opt in" to the lawsuit) by mailing or delivering the Consent to Become Party Plaintiff form (the blue form attached to this Notice) to Plaintiff's attorney at the following address:

> **ARJO OVERTIME LITIGATION**
> c/o Marc J. Siegel
> **Caffarelli & Siegel Ltd.**
> **180 N. Stetson Ave., Ste. 3150**
> **Chicago, Illinois 60601**
> **312/540-1230 (phone)**
> **312/540-1231 (fax)**
> **info@caffarelli.com**

6.  **By what date do I need to return the consent form to join this case?**

You must return the blue Consent to Become a Party Plaintiff form to Plaintiff's Counsel in sufficient time to have Plaintiff's Counsel file it with the Court on or before **[90 days after Plaintiff's counsel receives a list of potential class members from Defendants' counsel, within 7 days after the authorization of this class notice by the Court]**. If you fail to return the Consent form to Plaintiff's counsel in time for it to be filed with the Court on or before that deadline, you may not be able to participate in this lawsuit. That means you bear the risk of any non-delivery or delay in delivery of the Consent form.

If you file a Consent form, your continued right to participate in this lawsuit may depend upon a later decision by the District Court that you and other Plaintiffs are actually "similarly situated" in accordance with federal law.

7.  **What happens if I join this case?**

If you join in the suit, you will become a Party Plaintiff in this case. While this suit is proceeding, you may be required to respond to written questions, provide documents in your possession or control, sit for depositions, participate in discovery proceedings, testify in court, or any combination of those things. If you choose to join this lawsuit, you will be bound by any judgment entered in the case, whether it is favorable or unfavorable.

By joining this lawsuit, you designate the class representative (Paul Weckel, the Plaintiff) as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit.

**8.     What happens if I decide not to join this case?**

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If you choose not to join in this lawsuit, you are free to file your own lawsuit, either on your own behalf or through an attorney of your own choice.

**9.     Can I be fired or punished by the Defendant Company because I join this case?**

No. Federal law prohibits Defendants from discharging you from employment or taking any other adverse employment action against you because you have exercised your legal right to join this lawsuit, or because you have exercised your rights under the Fair Labor Standards Act.

**10.    Who will be my lawyer if I join this lawsuit?**

Counsel for the class is:

> **Caffarelli & Siegel Ltd.**
> **180 N. Stetson Ave., Ste. 3150**
> **Chicago, Illinois 60601**
> **312/540-1230 (phone)**
> **312/540-1231 (fax)**
> **info@caffarelli.com**

Plaintiff's attorneys, Caffarelli & Siegel Ltd., will represent you should you elect to join this lawsuit. Your attorneys may be entitled to receive the payment of attorney fees and costs from Defendants should there be a recovery or judgment in your favor. If there is no recovery or judgment in your favor, you will not be responsible for any attorney fees, but you may be responsible for certain costs of litigation.

**11.    Who represents the Defendants in this case?**

Counsel for the Defendants is:

> **Peter R. Bulmer**
> **Jackson Lewis LLP**
> **320 W. Ohio St., Ste. 500**
> **Chicago, IL 60610**
> **312/274-6301 (phone)**
> **312/787-4995 (fax)**

**12.    Where can I obtain more information about this Notice or the case?**

Further information about this Notice or the deadline for filing a Consent form or other questions about this lawsuit may be obtained by writing or telephoning Marc J. Siegel, Plaintiff's attorney, or Peter R. Bulmer, Defendants' attorney, at the numbers and addresses stated above. Further

information about this lawsuit may also be obtained by reviewing the court file in the Clerk's Office, 20th Floor, 219 South Dearborn Street, Chicago, Illinois.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. THE FEDERAL DISTRICT COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR OF DEFENDANTS' DEFENSES. PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT. THE CLERK'S OFFICE CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.**

**IF YOU WISH TO JOIN IN THE LAWSUIT AS DESCRIBED IN THIS NOTICE, PLEASE REVIEW AND COMPLETE THIS FORM, AND MAIL OR DELIVER THIS FORM ONLY TO THE FOLLOWING ADDRESS:**

**ARJO OVERTIME LITIGATION**
c/o Marc J. Siegel
**Caffarelli & Siegel Ltd.**
**180 N. Stetson Ave., Ste. 3150**
**Chicago, Illinois 60601**
**312/540-1230 (phone)**
**312/540-1231 (fax)**
**info@caffarelli.com**

---

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF
IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

*(This form must be completed in ink, not pencil)*

By my signature below, I represent to the Court that I have been employed by Arjo, Inc. and/or Don Smith after March 19, 2005 as a ceiling lift installer; that I have worked for Defendants in excess of forty (40) hours in individual work weeks; and that I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. 206 and 207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _____ (print your name)

My address is: _____ (street address)

_____ (city, state, zip code)

My telephone number is: _____(area code and telephone number)

My signature: _____

Date on which I signed this Notice: _____
(today's date)